IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK RAHOI,

                  Plaintiff,

        v.

DOCTOR SIRIN, DOCTOR HUIBREGTSE,
and DOCTOR BURTON COX, JR., all sued
individually and in their official capacities,

                  Defendants.

ORDER

06-cv-691-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff Mark Rahoi is proceeding on claims that defendants Doctor Sirin, Doctor Huibregtse and Doctor Burton Cox, Jr. were deliberately indifferent to his serious medical needs when they failed to arrange for him to receive surgery for a rotator cuff tear and physical therapy for complications from spinal cord injuries and that defendants Huibretgtse and Cox were deliberately indifferent to his need for prescribed medication when they failed to insure that the prescriptions were timely renewed.

Now before the court is plaintiff's "amended complaint," that I construe as including a motion for leave to file an amended complaint. In a separate motion, defendants have

1

asked the court to screen the amended complaint pursuant to 28 U.S.C. § 1915A.  The motion to amend will be denied without prejudice.  The motion to screen will be denied as moot.

Plaintiff's proposed amended complaint is two pages long, containing four paragraphs. It "realleges and incorporates" plaintiff's original complaint "except as modified by rulings of [this court]."  It seeks to add three new defendants, a Dr. Fern Springs, Becky Dressler and Sue Wallace, all of whom are alleged to have been deliberately indifferent to plaintiff's medical care since his transfer to the Chippewa Valley Correctional Treatment Facility in August 2007.

Unfortunately, plaintiff's motion to amend cannot be granted for three reasons.  First, plaintiff's proposed amended complaint is not a complaint that can be substituted for the original complaint, as it would have to be before I could accept it as the operative pleading in this case.  It has been written more in the nature of an addendum to the original complaint, adding potential new claims and new defendants.  Because it is too confusing for the court and the litigants to work with pleadings consisting of more than one document, it is this court's policy to require an amended complaint to be document that stands on its own.

Second, it is not at all clear whether plaintiff's complaints of improper medical care concern the same problems he was experiencing in December 2006, when he filed his

2

original complaint, or whether plaintiff is attempting to raise one or more new concerns about his medical care. Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action.  It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Thus, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  Id.; 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978).

Plaintiff's allegations concerning his medical care are so general and conclusory that it is impossible to tell whether his present medical problems are a continuation of the same medical problems he was experiencing at the time he filed his original complaint.  If they are, he may be able to raise them in the context of an amended complaint without exhausting additional administrative remedies.  If they are new complaints of inadequate medical care, however, he cannot raise them in the context of this lawsuit both because they are not proper under Rule 20 and because he must exhaust his administrative remedies before raising them in a federal lawsuit under the Prison Litigation Reform Act.

A related issue concerning the lack of factual allegations in the amended complaint is that it is not possible for the individual defendants to ascertain what it is plaintiff is

alleging they did or did not do to violate his Eighth Amendment rights, in violation of Fed. R. Civ. P. 8.  A defendant is not liable under 42 U.S.C. § 1983 unless he is personally involved in the violation of a plaintiff's constitutional rights.  Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994).  Plaintiff's only substantive allegation in the amended complaint states,

> defendants at CVCTF have been deliberately indifferent to the care needs of plaintiff related to back complaints, need for physical therapy, appropriate medication, and nerve block treatment which has had the effect to greatly worsen plaintiff's condition producing considerable pain, suffering and disability.

This conclusory allegation of constitutional wrongdoing is simply too vague to allow the court or the defendants to identify how they are to have personally participated in denying plaintiff his constitutional right to medical care.

In light of the fact that this case is now more than a year old, and the addition of parties will set this case back even further, I will set an extremely tight deadline for plaintiff to submit a proper amended complaint, if he intends to pursue the amendment.

Because I am denying plaintiff's motion for leave to file his proposed amended complaint, I will deny as moot defendants' motion that the court screen the amended complaint pursuant to 28 U.S.C. § 1915A.

4

ORDER

IT IS ORDERED that plaintiff's proposed amended complaint (Dkt. #59), construed to include a motion to amend the complaint in this case is DENIED without prejudice. Plaintiff may have until March 3, 2008, in which to file a new proposed amended complaint that complies with Fed. R. Civ. P. 8 and 20 and is in a form that may stand on its own as the operative pleading without reference to the original complaint.

Defendants' motion that the court screen the proposed amended complaint pursuant to 28 U.S.C. § 1915A is DENIED as moot.

Entered this 25th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5