IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK RAHOI,

                        Plaintiff,

      v.

DOCTOR SIRIN, DOCTOR HUIBREGTSE,
and DOCTOR BURTON COX, JR., all sued
individually and in their official capacities,

                       Defendants.

ORDER

06-cv-691-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case, plaintiff Mark Rahoi is proceeding on claims that defendants Doctor Sirin, Doctor Huibregtse and Doctor Burton Cox, Jr. were deliberately indifferent to his serious medical needs when they failed to arrange for him to receive surgery for a rotator cuff tear and physical therapy for complications from spinal cord injuries and that defendants Huibretgtse and Cox were deliberately indifferent to his need for prescribed medication when they failed to insure that the prescriptions were timely renewed.

      Now before the court is plaintiff's second "amended complaint," which I construe as including a motion for leave to file an amended complaint.  Plaintiff's proposed amended

1

complaint is four pages long, containing sixteen paragraphs. It was filed after I rejected plaintiff's first amended complaint because it was not written in a manner that would allow it to be substituted for the original complaint, was so vague that defendants were not given notice of the allegations against them and because it was impossible to discern whether the new allegations were related to the existing allegations. The proposed complaint currently before the court fixes the first problem, but remains excessively vague.

Although plaintiff has provided some additional detail, his allegations concerning his medical care remain so general and conclusory that it is not possible for the individual defendants to ascertain what it is plaintiff is alleging they did or did not do to violate his Eighth Amendment rights. The generalized and conclusory nature of the allegations violate Fed. R. Civ. P. 8. For example, plaintiff alleges

> That in addition to no treatment for the rotator-cuff, there had been inadequate treatment for his back and this began at MSDF and continued through RGCI, PDCCI, and CVCFT; none of the named defendant physicians has treated reasonably the flare-ups of the back complaints that plaintiff has; this has caused pain, suffering, and disability to the plaintiff.

This allegation of constitutional wrongdoing is simply too vague to allow the court or the defendants to identify how each may have been personally involved in denying plaintiff his constitutional right to medical care.

Although leave to amend is given freely when justice so requires, it may be denied where there is evidence of undue delay, bad faith, or undue prejudice or when amendment

2

would be futile.  Sound of Music v. Minnesota Mining and Manufacturing Co., 477 F.3d 910, 922-23 (7th Cir. 2007); Federal Rule of Civil Procedure 15(a).  It would make little sense to allow plaintiff to amend his complaint, only to have to dismiss it immediately. Moreover, under the Prison Litigation Reform Act I am required to screen any proposed amended complaint, just as I screened plaintiff's original complaint.  28 U.S.C. § 1915A.

Because I am denying plaintiff's request to replace his original complaint with the proposed amended complaint, his original complaint remains the operative pleading in the case.

## ORDER

IT IS ORDERED that plaintiff's proposed amended complaint (Dkt. #64), construed to include a motion to amend the complaint in this case, is DENIED.

Entered this 5th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge