IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK RAHOI,

                      Plaintiff,

        v.

DR. SIRIN, DR. HUIBREGSTE, and
DR. BURTON COX, JR., all sued
individually and in their official
capacities,

                    Defendants.

ORDER

06-cv-691-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case brought under 42 U.S.C. § 1983, plaintiff Mark Rahoi contends that defendants Dr. Kerim Sirin, Dr. Charles Huibregtse and Dr. Burton Cox, Jr. violated his rights under the Eighth Amendment when they were deliberately indifferent to his serious medical needs by failing to arrange for him to have rotator cuff surgery and, in one case, physical therapy. Now before the court are plaintiff's motions to 1) reconsider this court's denial of plaintiff's motion to amend the preliminary pretrial conference order to extend the trial date and 2) modify this court's order limiting testimony by plaintiff's treating physicians. I will address each motion in turn.

1

First, plaintiff moves for reconsideration of this court's August 26, 2008 order denying plaintiff's motion to amend the preliminary pretrial conference order to obtain new dates for discovery and trial.  Plaintiff argues that counsel only became aware of plaintiff's need for surgery in May 2008,  because of his incarceration he was not able to obtain rotator cuff surgery until July 18, 2008 and the ensuing physical and occupational therapy has not yet been completed, making it difficult to forecast the ultimate impact of his non-treatment in prison on his condition.  Thus, he argues, the trial date should be pushed back in order for him to finish treatment and complete discovery.  Dr. Grindel has testified that the outcome of plaintiff's surgery and recovery may not be known until April 2009.

These are essentially the same arguments plaintiff made in his original motion to amend the preliminary pretrial conference order, and I do not find them more persuasive the second time around.  Plaintiff still does not explain why even though counsel knew about plaintiff's need for surgery in May 2008, and had long known that trial was scheduled for September 29, 2008, he did not move to amend the preliminary pretrial conference order until August 15, 2008, approximately six weeks before trial.  Therefore I will deny plaintiff's motion for reconsideration regarding amendment of the preliminary pretrial conference order.

Next, plaintiff moves this court for an order modifying the September 10, 2008 order limiting testimony by plaintiff's treating physicians.  That order granted defendants' motion

to strike expert testimony from plaintiff's treating physicians insofar as the physicians were going to provide expert testimony outside the scope of their treatment of plaintiff, because plaintiff failed to file proper written expert reports under Fed. R. Civ. P. 26(a)(2)(B). Plaintiff argues that this bar on expert testimony outside the scope of treatment should be lifted for treating physicians Dr. William P. Waring, Dr. Steven I. Grindel, Dr. Nathan Rudin and Dr. Troy Berg.  However, in his brief, plaintiff does not provide any argument regarding Dr. Rudin or Dr. Berg, so I will deny his motion regarding those doctors. Regarding Dr. Waring and Dr. Grindel, plaintiff argues that he substantially complied with Rule 26 by submitting his April 18, 2008 disclosure of expert witnesses, and to the extent he fails to comply with this rule it is because a more complete report could not be obtained because of plaintiff's July 18, 2008 surgery and ongoing treatment.  Also, he argues that because defendants have seen the treatment records and depositions of these doctors, there is no unfair surprise and defendants have been given a reasonable opportunity to prepare for trial.

The argument that plaintiff substantially complied with the expert report requirements of Fed. R. Civ. P. 26(a)(2)(B) is new; in his original motion opposing defendants' motion to strike, plaintiff did not even attempt to argue that he complied with Rule 26.  However, review of the disclosure of experts plaintiff submitted on April 18, 2008 shows that plaintiff did not come close to complying with Rule 26.  Rule 26(a)(2)(B)

3

requires that a party disclosing experts accompany such disclosure with a written report containing (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the data or other information considered by the witness in forming them; (3) any exhibits that will be used to summarize or support the opinions; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the expert's work in the case.  Plaintiff's April 18, 2008 disclosure of experts merely lists experts and contains affidavits from Dr. Waring and Dr. Grindel in which they list their qualifications and then state conclusory opinions without an explanation of the basis or reasons for them or support for the opinions from records or exhibits.

Plaintiff's other arguments are the same as those he raised in opposition to the original motion to strike and that I rejected.  As I stated in this court's September 10, 2008 order, once plaintiff realized his ongoing treatment would delay his experts' opinions, the proper course of action would have been to make a timely motion to amend the pretrial conference order.  Any expert disclosures at this point would hinder defendants' preparation. Therefore I will deny plaintiff's motion to modify this court's order limiting testimony by plaintiff's treating physicians.

As a final point, I note that defendants have filed a motion for entry of an order

4

limiting the video testimony of Dr. Grindel because defendants believe much of Dr. Grindel's testimony is outside the scope of his treatment of plaintiff.  In this order, I will reiterate my ruling that plaintiff is forbidden from presenting testimony from Dr. Grindel that is outside the scope of his treatment of plaintiff.  A briefing schedule has been set requiring plaintiff to submit a brief in opposition to this motion by September 19, 2008. Defendants' brief details numerous statements Dr. Grindel made in his videotaped deposition that they believe constitute expert testimony outside the scope of treatment.  It is my expectation that in order to aid the court in resolving this motion, plaintiff will address each statement mentioned in defendants' brief and either 1) concede the statement is barred or 2) explain why the statement is not expert testimony outside the scope of treatment. Defendants state they will file a similar motion to limit Dr. Waring's testimony, and I expect the same thorough treatment of the disputed statements when that motion is briefed.


ORDER


IT IS ORDERED that:

1. Plaintiff Mark Rahoi's motion to reconsider this court's denial of plaintiff's motion to amend the preliminary pretrial conference order is DENIED.

2. Plaintiff's motion to modify this court's order limiting testimony by plaintiff's

5

treating physicians is DENIED.

Entered this 17th day of September, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

6